IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ERIC MASON and JESUS FIRST CHRISTIAN COMMUNITY FELLOWSHIP CHURCH, INC. d/b/a Jesus First the Community Church,<br><br>Plaintiffs,<br><br>v.<br><br>REAL RESOURCES, INC. d/b/a YouthWorks, Inc.,<br><br>Defendant. | CASE NO. CV423-019 |

## O R D E R

Before the Court is Defendant Real Resources, Inc. d/b/a YouthWorks, Inc.'s Notice of Removal. (Doc. 1.) After careful review of the record in this case, it appears that Defendant has failed to establish this Court's jurisdiction. Accordingly, Defendant is **DIRECTED** to demonstrate within **fourteen (14) days** from the date of this order whether the Court has subject matter jurisdiction over this case.

When it appears that subject matter jurisdiction may be lacking, "a federal court must inquire sua sponte into the issue[.]" Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (citation omitted). Relevant to this case, subject matter jurisdiction exists when the citizenship of the parties is completely diverse and the amount in controversy exceeds

$75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a). The party removing the case to federal court "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)). Courts assess whether jurisdictional facts are satisfied at the time of removal. Bryant v. Publix Super Mkts., Inc., No. 1:20-CV-3916-JPB-CCB, 2021 WL 2470454, at *2 (N.D. Ga. Mar. 26, 2021) (first citing Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013); and then citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 n.13 (11th Cir. 1994)). Further, "[c]ourts 'strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" Marshall v. Ga. CVS Pharmacy, L.L.C., 580 F. Supp. 3d 1301, 1307 (N.D. Ga. 2022) (quoting Scimone, 720 F.3d at 882).

When the basis for removal is diversity jurisdiction, the amount in controversy is typically "the sum demanded in good faith in the initial pleading[.]" 28 U.S.C. § 1446(c)(2). However, for diversity cases where "the initial pleading seeks . . . a money judgment but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[,]" removal is proper if the court finds that a

defendant has proven, by a preponderance of the evidence, the amount in controversy stated in the notice of removal exceeds the amount enumerated in 28 U.S.C. § 1332(a). Id.  In such cases, courts first look at whether it is facially apparent from the plaintiff's complaint that the amount in controversy exceeds $75,000. Pretka v. Kolter City Plaza II, Inc., 608 F.3d at 754 (11th Cir. 2010) (citing Williams, 269 F.3d at 1319). If it is facially apparent from the complaint that the amount in controversy exceeds $75,000, then "removal from state court is [jurisdictionally] proper. . . ." Smith v. Gemcap Trucking, Inc., No. 4:21-CV-242, 2022 WL 1184369, at *2 (S.D. Ga. Apr. 21, 2022) (citing Pretka, 608 F.3d at 754). However, if a court finds that it is not facially apparent from the complaint that the amount in controversy exceeds $75,000, the court must then look to the defendant's notice of removal. Id. If it is not clear from the notice of removal that the amount in controversy exceeds $75,000, a court "may not speculate about the amount in controversy." Martin v. William, No. 1:20-CV-1241-LMM, 2020 WL 13593701, at *1 (N.D. Ga. June 17, 2020) (quotation omitted). Rather, the Court may require a defendant to present evidence establishing that the amount in controversy exceeds the jurisdictional threshold. Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)).

On November 11, 2022, Plaintiffs Eric Mason and Jesus First Christian Community Fellowship Church filed this action in the State Court of Chatham County, Georgia, against Defendant for defamation, slander, slander per se, and breach of contract. (Doc. 1, Attach. 1 at 6-10.) Defendant removed the case to this Court on January 20, 2023, under 28 U.S.C. §§ 1332 and 1446, alleging diversity jurisdiction. (Doc. 1 at 1-3.)

In the Complaint, Plaintiffs contend the Church was to be compensated for at least $3,200.00. (Doc. 1, Attach. 1 at 7.) In the notice of removal, Defendant argues "Plaintiffs do not allege a specific amount of damages" in the complaint, but that "it is facially apparent from the Complaint that the amount in controversy exceeds $75,000.00" based on "common sense and reasonable deductions[.]" (Doc. 1 at 3-4.) In support of its argument, Defendant points to the type of damages Plaintiffs seek. (Id. at 4-5.) Based on these allegations alone, the Court is not convinced that Defendant has established, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.

Accordingly, Defendant is **DIRECTED** to demonstrate within **fourteen (14) days** from the date of this order that the amount in controversy exceeds the jurisdictional threshold and that the Court has subject matter jurisdiction over this case. Failure to do so will result in this case being remanded for lack of subject

4

matter jurisdiction. The Court also invites, but does not require, Plaintiffs to submit an argument on whether the Court has subject matter jurisdiction.

SO ORDERED this 21ST day of February 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA