IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ERIC MASON and JESUS FIRST CHRISTIAN COMMUNITY FELLOWSHIP CHURCH, INC. d/b/a Jesus First the Community Church,<br><br>Plaintiffs,<br><br>v.<br><br>REAL RESOURCES, INC. d/b/a YouthWorks, Inc.,<br><br>Defendant. | CASE NO. CV423-019 |

## ORDER

Before the Court is Defendant Real Resources, Inc. d/b/a YouthWorks, Inc.'s Motion for Extension of Time to Comply with Order to Demonstrate Subject Matter Jurisdiction and Motion to Compel Plaintiff's Initial Disclosure (Doc. 11), to which Plaintiffs Eric Mason and Jesus First Christian Community Fellowship Church, Inc. d/b/a Jesus First the Community Church have filed a response (Doc. 12). Subsequently, the parties filed a Joint Stipulation to Withdraw Defendant's Motion to Compel Plaintiff's Initial Disclosure and Plaintiff's Response in Favor of an Informal Discovery Conference (Doc. 17), and Defendant filed a Motion for an Informal Discovery Dispute Conference (Doc. 18). For the following reasons, Defendant's motion for an extension of time is **DENIED IN PART** and motion to compel is **DISMISSED AS MOOT**

**IN PART**. (Doc. 10.) Defendant's motion for an informal discovery dispute conference is also **DISMISSED AS MOOT**. (Doc. 18.)

On November 11, 2022, Plaintiffs filed this action in the State Court of Chatham County, Georgia, against Defendant for defamation, slander, slander per se, and breach of contract. (Doc. 1, Attach. 1 at 6-10.) Defendant removed the case to this Court on January 20, 2023, under 28 U.S.C. §§ 1332 and 1446, alleging diversity jurisdiction. (Doc. 1 at 1-3.)

In the complaint, Plaintiffs contend the Church was to be compensated for at least $3,200.00. (Doc. 1, Attach. 1 at 7.) In the notice of removal, Defendant argued "Plaintiffs do not allege a specific amount of damages" in the complaint, but that "it is facially apparent from the Complaint that the amount in controversy exceeds $75,000.00" based on "common sense and reasonable deductions[.]" (Doc. 1 at 3-4.) In support of its argument, Defendant pointed to the type of damages Plaintiffs seek. (Id. at 4-5.)

On February 21, 2023, the Court entered a show cause order laying out the standard for determining whether a defendant has sufficiently alleged the amount in controversy when the basis for removal is diversity jurisdiction. (Doc. 9 at 2-3.) The Court explained that it was not convinced that Defendant had established, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold based on Defendant's

2

allegations in the notice of removal. (Id. at 4.) The Court ordered Defendant "to demonstrate within **fourteen (14) days** from the date of this order that the amount in controversy exceeds the jurisdictional threshold" or face remand. (Id. at 4-5 (emphasis in original).) Defendant's response was therefore due March 7, 2023.

On March 8, 2023, after the 14-day deadline to respond to the Court's order, Defendant filed the motion at issue.[1] (Doc. 11.) Defendant argues Plaintiffs are required to provide a computation of each category of damages in their Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures and that their response was insufficient. (Id. at 3-4.) Defendant's counsel states that he "emphasized the need for Plaintiffs' computation of damages to address all of the economic losses Plaintiffs put at issue in the Complaint, to enable Defendant to comply with the Court's February 21, 2023 Order[.]" (Id. at 2-3.)

In response, Plaintiffs' counsel state that they have been communicating with the Plaintiffs in order to supplement their Rule 26(a) initial disclosures. (Doc. 12 at 2.) They also contend that the damages they seek are difficult to calculate and that they "cannot be compelled to compute that which must be computed by a jury." (Id. at 2, 3-4.)

---

[1] The Court notes that Defendant's motion is dated March 7, 2023, and the Certificate of Service is January 24, 2023. (Doc. 11 at 6, 7.) The motion was not filed in the Court's electronic filing system, however, until March 8, 2023. (Doc. 11.)

3

Defendant now advises the Court "that a discovery dispute has arisen which it has been unable to resolve without the involvement of the Court[]" and asks for an informal discovery dispute conference. (Doc. 18 at 1-2.)

After cautioning Defendant that the failure to comply with the Court's order would result in remand, Defendant failed to timely comply with the Court's order and failed to request an extension of time before the deadline. This Court has the authority to prune cases from its dockets where parties have failed to comply with its orders. See S.D. Ga. L.R. 41.1(b). Moreover, as the Court has already explained, the party removing the case to federal court "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)). By stating that Defendant needed Plaintiffs' initial disclosures to respond to the Court's order, Defendant effectively conceded that it lacked a sufficient factual basis to remove the case to federal court at that time. Additionally, rather than utilizing discovery in state court or moving for jurisdictional discovery,[2] Defendant attempted to shift its burden

---

[2] The Court notes Defendant's failure to request jurisdictional discovery only to highlight Defendant's meager effort to demonstrate this Court's subject matter jurisdiction. Defendant's "remove first, ask questions later" approach, compared to utilizing discovery in state court, "is strongly disfavored as it incentivizes defendants to clog district courts with cases based

4

by asking this Court to order Plaintiffs to provide the information Defendant should have been equipped with to remove the action.

For the foregoing reasons, the Court **DENIES** Defendant's request for an extension of time and **DISMISSES AS MOOT** Defendant's request to compel Plaintiffs.[3] (Doc. 11.) Defendant's motion for an informal discovery dispute conference is also **DISMISSED AS MOOT**. (Doc. 18.) Defendant failed to meet its burden to show that complete diversity exists between the parties and that this Court has subject matter jurisdiction. Pursuant to 28 U.S.C. § 1447(c), this matter is therefore **REMANDED** to the State Court of Chatham County, Georgia, for further proceedings. The Clerk of Court is **DIRECTED** to close this case.[4]

SO ORDERED this 10th day of April 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

on flimsy jurisdictional allegations and eases defendants' burden to establish a basis for diversity." Sherman v. Atain Speciality Ins. Co., No. 6:19-cv-979-Orl-40DCI, 2019 WL 10854445, at *1 n.1 (M.D. Fla. June 10, 2019).
[3] The Court makes no finding regarding whether Plaintiffs' initial disclosures were sufficient.
[4] The Clerk of Court is **DIRECTED** to administratively terminate all other pending motions. (Doc. 10.)